UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| GENCANNA ACQUISITION CORP., | |
| Plaintiff, | Case No. 5:23-cv-00305-GFVT |
| v. | |
| 101 ENTERPRISES, LLC, *et al.*, | **MEMORANDUM OPINION & ORDER** |
| Defendant. | |

*** *** *** ***

There can be no breach of duty without a duty owed. Though the facts of this case are complex, that simple axiom is dispositive.

In 2020, GenCanna purchased an economic interest in an LLC. Then, the LLC's member and/or managers began mismanaging the LLC. Because no fiduciary duty is owed to an LLC's economic interest holder, the Defendants' Motion to Dismiss **[R. 6]** is **GRANTED**.

**I**

4274 Colby, LLC, is a Kentucky limited liability corporation (LLC) organized in 2015. [R. 1 at 2.] Pursuant to its Operating Agreement, 101 Enterprises, LLC was to own 50% of the membership interest in 4274 Colby. *Id.* at 3. GenCanna Global USA would own the other 50%. *Id.* Defendant 101 Enterprises, LLC is also an LLC organized under Kentucky's laws. *Id.* at 1. Defendants Kevin Murray and Greg Martini are the members of 101 Enterprises.[1] *Id.*

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. § 1332. GenCanna is a citizen of Kentucky and Delaware. [R. 1 at 1.] As an LLC, 101 Enterprises takes on the citizenship of each of its members (Murray and Martini) who are citizens of New York and Ohio, respectively. *Id.* at 1–2. *See Delphi Auto. Sys., LLC v. Segway Inc.*, 519 F. Supp. 2d 662, 665 (E.D. Mich. 2007) ("Unlike a corporation, 'the citizenship of [a limited liability company] for purposes of the diversity jurisdiction is the citizenship of its members.'") (internal citation omitted).

4274 Colby is a member managed LLC.  [R. 1-1 at 2 (Articles of Organization).]  However, in the Operating Agreement, members GenCanna Global and 101 agreed to designate much of their authority to two managers: initially, William Hilliard and Steven Bevan.  [R. 1 at 3.]

Following 4274 Colby's formation, it entered into a lease agreement with GenCanna Global.  *Id.* at 3.  Around five years later, in 2020, GenCanna Global filed for Chapter 11 Bankruptcy.  *Id.* at 4.  At that point, its interest in 4274 Colby became an asset of the bankruptcy estate.  *Id.*  After the Bankruptcy Court approved a Sale Order, Plaintiff GenCanna Acquisition Corporation (not to be confused with GenCanna Global) acquired GenCanna Global's economic interest in 4274 Colby.  *Id.*  GenCanna Global also assigned the aforementioned lease to Plaintiff GenCanna Acquisition.  *Id.*  However, "[b]ecause 101 did not consent to [Plaintiff] GenCanna [Acquisition] becoming a member of 4274 Colby, as defined in and governed by the Operating Agreement, GenCanna [Acquisition] possesses only an economic interest in 4274 Colby[.]"  Accordingly, "it does not have any power or authority to manage 4272 Colby."  *Id.*

Fast forward to August of 2021: 4274 Colby leased some of its properties ("the Colby properties") to another LLC known as "AVF CBD, LLC."  *Id.* at 5.  That LLC is a new character in this story, but its management is familiar: Martini and Murray are its principals and equity owners.  *Id.*  Although AVF allegedly neglected to pay rent within the terms of the lease, GenCanna Acquisition states that 101 did nothing to recoup these past due payments.  *Id.*

About a month after the lease was executed, "GenCanna Global, 101, and the managers of 4274 Colby unanimously agreed" to sell the Colby properties.  *Id.*  They were in luck.  In September 2022, a willing buyer (with financing) tendered an offer.  *Id.* at 6.  But then, Martini and Murray submitted a competing offer, without evidence of guaranteed financing.  *Id.*

2

"[D]espite [repeated] demands from [Plaintiff] GenCanna [Acquisition]," 101 Enterprises allegedly "refused to convene a meeting and vote on whether to accept the Willing Buyer Offer[.]" *Id.* at 7.

In October 2022, Martini and Murray took over as the managers for 4274 Colby. *Id.* at 8. Murray and Martini allegedly allowed the willing buyer's offer to expire, and then refused to consider another offer from that same buyer. *Id.* According to Plaintiff GenCanna Acquisition, "[Mr. Murray and Mr. Martini [still] have not purchased the Colby property and no rent has been paid by AVF to 4274 Colby." *Id.*

In March 2023, Plaintiff GenCanna Acquisition filed an adversary complaint against 101, Martini, Murray, and Hilliard in Bankruptcy Court. *Id.* It sought a declaratory judgment that it "had a full membership interest" in 4274 Colby. *Id.* It also asserted claims for breach of fiduciary duty as to each defendant. *Id.* After briefing and a hearing, Judge Schaaf found that although GenCanna Acquisition "holds 50% of the economic interests in 4272 Colby[,]" it is not a member of 4274 Colby. *Id.* at 9. Accordingly, Judge Schaaf granted the Defendants' cross-motion for summary judgment on the question of membership. *See In re Oggusa, Inc.*, No. 20-50133, 2023 WL 5663245, at *7 (Bankr. E.D. Ky. Aug. 31, 2023). Next, he granted a request to abstain on the fiduciary duty issues. At that point, there was nothing left to resolve, and Judge Schaaf dismissed the action. [Adv. Pro. R. 49.]

Now, GenCanna Acquisition is back in federal court. It again brings individual claims against 101, Martini, and Murray for breach of fiduciary duty. [R. 1.] Though GenCanna Acquisition acknowledges that "[it] is not a member of 4274 Colby," it nevertheless avers that Martini, Murray, and 101 owed it a fiduciary obligation. *Id.* at 9. On GenCanna Acquisition's view, "it is dependent on and subject to the management decisions by 101, Mr. Martini, and Mr.

3

Murray.  Consequently, 101, Mr. Martini, and Mr. Murray have an obligation to manage 4274 Colby for the benefit of GenCanna [Acquisition]." *Id.*

Plaintiff also asks this Court to appoint a receiver "to collect the unpaid rent and [] manage the affairs of 4272 Colby." *Id.* at 12.  Murray, Martini, and 101 move to dismiss on the grounds that (1) they owe no fiduciary duty to GenCanna Acquisition, (2) GenCanna Acquisition lacks standing to sue on behalf of 4272 Colby, and (3) there was no breach of any purported fiduciary duty.  [R. 6.]

## II

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the plaintiffs' complaint.  Fed. R. Civ. P. 12(b)(6).  In reviewing a Rule 12(b)(6) motion, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  However, a court "'need not accept as true legal conclusions or unwarranted factual inferences.'" *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In other words, "[t]he factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555).

### A

"A claim for breach of fiduciary duty requires that a plaintiff allege that '(1) the defendant owes a fiduciary duty to the plaintiff; (2) the defendant breached that duty; and (3) the

4

plaintiff suffered damages as a result of the breach.'" *Insight Kentucky Partners II, L.P. v. Preferred Auto. Servs., Inc.*, 514 S.W.3d 537, 546 (Ky. Ct. App. 2016) (internal citation omitted). On Defendants' view, liability is foreclosed by the fact that they never owed GenCanna Acquisition a duty in the first place. [R. 6 at 5–6.] GenCanna Acquisition disagrees. Straining against the outer boundaries of statute and common law, GenCanna Acquisition proposes that an LLC's members owe fiduciary obligations to the LLC's economic interest holders. [R. 9 at 5–7.] Although the Court is sympathetic to GenCanna Acquisition's situation, its argument misses the mark.

### 1

In the context of LLCs, both statute and common law may give rise to fiduciary obligations. *See Patmon v. Hobbs*, 280 S.W.3d 589 (Ky. Ct. App. 2009)). Start with the relevant statute:

> (2) The duty of loyalty applicable to each member and manager shall be to account to the limited liability company and hold as trustee for it any profit or benefit derived by that person without the consent of more than one-half (1/2) by number of the disinterested managers, or a majority-in-interest of the members from:
> (a) Any transaction connected with the conduct or winding up of the limited liability company; or
> (b) Any use by the member or manager of its property, including, but not limited to, confidential or proprietary information of the limited liability company or other matters entrusted to the person as a result of his or her status as manager or member.

Ky. Rev. Stat. Ann. § 275.170(2). That statutory obligation is supplemented by a common law duty. Courts interpreting this framework have concluded that "a managing member in a member-managed LLC or a manager in a manager-managed LLC 'owes fiduciary duties to other members of the limited-liability company *and* to the limited-liability company itself.'" *Brunswick TKTKonnect, LLC v. Kavanaugh*, 661 F. Supp. 3d 698, 707 (W.D. Ky. 2023)

(emphasis in original); *see also id.* (explaining that the Court of Appeals of Kentucky has found "a common law duty of loyalty owed to members of a limited liability company, as well as . . . a statutory duty, set forth in KRS [§] 275.170 that requires a member to 'account to and hold as a trustee for the limited liability company any profit or benefit derived from transactions involving the use of a limited liability company's property by that member or manager without [adequate] consent'" (quoting *Patmon v. Hobbs*, No. 2012-CA-001814-MR, 2014 WL 97464, at *1 (Ky. Ct. App. Jan. 10, 2014) and citing *Patmon v. Hobbs*, 280 S.W.3d 589 (Ky. Ct. App. 2009))).

But those duties are not owed in the abstract. Rather, the contours of the rule suggest that these fiduciary obligations run to the LLC and its members. Indeed, one federal district court interpreting Kentucky law has concluded that non-members and "passive investors" in LLCs are owed no duty (whether under statute or common law). *See Hannah v. Mullins Fam. Funeral Home LLC*, No. 2:20-CV-00617, 2021 WL 4343950, at *7 (S.D.W. Va. Sept. 23, 2021) (applying Kentucky law) (finding no fiduciary duty owed to LLC's investor, even when LLC's Director used the LLC's account for personal expenses, "squander[ed] company assets," engaged in "self-deal[ing,]" and failed to "protect [investor's] interest in the business").

**2**

Against this backdrop, GenCanna Acquisition's fiduciary duty argument fails for two reasons. First, everyone agrees that GenCanna Acquisition is not a member of 4274 Colby. [*See* R. 1 at 4 (Complaint) ("Because 101 did not consent to GenCanna [Acquisition] becoming a member of 4274 Colby, as defined in and governed by the Operating Agreement, GenCanna [Acquisition] possesses only an economic interest in 4274 Colby and it does not have any power or authority to manage 4274 Colby.")]; [R. 1 at 9 (Complaint) ("Because GenCanna [Acquisition] is not a member of 4274 Colby, it is dependent on and subject to the management

decisions by 101, Mr. Martini, and Mr. Murray.").] Second, GenCanna [Acquisition] is not the LLC, itself.

GenCanna Acquisition disagrees, citing *Patmon v. Hobbs* for the proposition that an economic interest holder benefits from a more nebulous duty of loyalty under the common law. 280 S.W.3d 589 (Ky. Ct. App. 2009); [R. 9 at 6–7 (arguing that "as the holder of a significant economic interest in 4274 Colby, GenCanna [Acquisition] reposed confidence in its managers, Mr. Martini and Mr. Murray, to act in good faith and with due regard to its interests").][2] But that's not what *Patmon* says. In *Patmon*, the Plaintiff was owed a fiduciary obligation because she was a member of an LLC. And GenCanna Acquisition does not provide any Kentucky precedent to suggest that a duty is owed to a non-member. *See Hannah*, 2021 WL 4343950, at *7; *cf. Kavanaugh*, 661 F. Supp. 3d at 709 (LLC's manager owed statutory and common law fiduciary duty to LLC's member).

This is not a case about whether the law imposes fiduciary duties in the context of LLCs. It does. But those duties are owed *to* particular entities. Because those fiduciary obligations run to the LLC and its members, Plaintiff's breach of fiduciary duty claims fail at the outset.[3]

**B**

GenCanna Acquisition resists this conclusion, assigning legal significance to a statement made by Judge Schaaf during a hearing on the parties' cross-motions for summary judgment.

---

[2] The parties dispute whether Martini and Murray owe duties to anyone at all. Martini and Murray reject the notion that they have a fiduciary obligation as "managers" when 4274 Colby appears to be a member-managed LLC (as opposed to a manager-managed LLC). *See Griffin v. Jones*, 170 F. Supp. 3d 956, 965 (W.D. Ky. 2016) ("If an LLC is member-managed, then the members have fiduciary duties. Conversely, if the LLC is manager-managed, then the manager owes fiduciary duties, but the members do not."). The Court need not reach the issue because—even assuming Murray and Martini owe fiduciary duties as managers—they don't owe them to GenCanna Acquisition.
[3] This conclusion is consistent with non-binding authority from other jurisdictions. *See Doherty v. Country Faire Conversion, LLC*, 170 N.E.3d 589, 600 (Ct. App. Ill. 2020) (economic interest holder and non-member lacked standing to sue for breach of fiduciary duty); *In re Galaz*, No. 07-53287-RBK, 2010 WL 4702446, at *6 (Bankr. W.D. Tex. Nov. 12, 2010) (no fiduciary duty owed to economic interest holder under California law).

[R. 9 at 7]; [R. 1 at 9 ("[I]f the allegations in 2-5 [of the complaint] are correct then there's a bad faith problem and your clients [101, Mr. Murray, Mr. Martini, and Mr. Hilliard] are going to owe money even if they're [GenCanna Acquisition] an economic interest because there's still a duty to the economic interest.")]; [Adv. Pro. R. 35.]  The Defendants decline to allot that statement controlling weight, asserting that "passing commentary during argument that does not even make its way into an order or opinion as dicta has no persuasive value[.]"  [R. 6 at 6 n.3.]

      Defendants are correct.  The Court has listened to an audio recording of the ninety-minute hearing, which focused on the question whether GenCanna Acquisition enjoyed a membership interest in 4274 Colby.  [Adv. Pro. R. 35.]   At the end of the hearing, Judge Schaaf appeared to remark in passing that "there's still a duty to the economic interest."   But his subsequent written opinion made no such assertion.  Rather, Judge Schaaf reasoned that GenCanna Acquisition did not enjoy a membership interest in 4274 Colby because 4274 Colby's Operating Agreement "limits transfers without the consent of the other Member[,]" and the other member (101 Enterprises) did not consent.  *In re Oggusa, Inc.*, No. 20-50133, 2023 WL 5663245, at *1 (Bankr. E.D. Ky. Aug. 31, 2023).  His opinion did not address or even mention the issue of a fiduciary duty.  Ultimately, Judge Schaaf chose to abstain on the breach of fiduciary duty counts.  And the cited comment was made before he reached the conclusion that GenCanna Acquisition was not a member.

      The significance of that background information is this: the fiduciary duty question was not litigated in the adversary proceeding.  And although the Court understands why the Plaintiff wishes to draw its attention to that singular comment, it is not binding and turned out to be immaterial to Judge Schaaf's written disposition on the membership issue.

## C

Finally, to the extent GenCanna Acquisition purports to avoid the duty issue by suing on behalf of the LLC, there is no authority to suggest it may do so. *See* Ky. Rev. Stat. Ann. § 275.337(2) (explaining that, under certain circumstances, a "*member* may maintain a derivative action to redress an injury sustained by or enforce a duty owed to a limited liability company"); § 275.337(3) ("A derivative action on behalf of a limited liability company shall be maintained only by a person that is a member at the time the action is commenced . . . ."). Additionally, because GenCanna Acquisition fails to state a claim, and because the appointment of a receiver is a *remedy*, the Court will deny the receiver request. *See McClure v. McGee*, 128 Ky. 464, 108 S.W. 341, 342 (1908) ("The appointment of a receiver is an extraordinary remedy[.]").

## III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Defendant's Motion to Dismiss **[R. 6]** is **GRANTED**;
2. This action is **DISMISSED** and **STRICKEN** from the Court's active docket; and
3. A Judgement will be entered contemporaneously herewith.

This the 25th day of September, 2024.

Gregory F. Van Tatenhove
United States District Judge